IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM TEITELMAN<br>440 K St NW, Apt. 1203<br>Washington, DC  20001,<br><br>**Plaintiff,**<br><br>v.<br><br>**QUEUEDR INC.**<br>2612 Jefferson Drive<br>Alexandria, VA  22303<br><br>      SERVE:  Patrick Randolph<br>                   2612 Jefferson Drive<br>                   Alexandria, VA  22303<br><br>**and**<br><br>**PATRICK RANDOLPH**<br>2612 Jefferson Drive<br>Alexandria, VA  22303<br><br>**Defendants.** | Civil Action No.  1:20-cv-1859 |

**NOTICE OF REMOVAL**

**EXHIBIT A**

Complaint

DocuSign Envelope ID: 0AF5A8C4-B499-44EB-A921-E000AC89F979
Case 1:20-cv-01859-CJN   Document 1-2   Filed 07/10/20   Page 2 of 7

Filed
D.C. Superior Court
05/15/2020 18:30PM
Clerk of the Court

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Adam Teitelman<br>440 K St NW, Apt. 1203<br>Washington, DC 20001<br><br>PLAINTIFF,<br><br>v.<br><br>QueueDr, Inc.<br>2612 Jefferson Drive<br>Alexandria, VA 22303<br><br>SERVE: Patrick Randolph<br>2612 Jefferson Drive<br>Alexandria, VA 22303<br><br>and<br><br>Patrick Randolph<br>2612 Jefferson Drive<br>Alexandria, VA 22303<br><br>DEFENDANTS. | Case No. 2020 CA 002515 B |

## COMPLAINT

Plaintiff Adam Teitelman ("Plaintiff"), by and through undersigned counsel, hereby complains against Defendants QueueDr, Inc. ("QueueDr") and Patrick Randolph ("Randolph") (together, "Defendants") to recover damages for unpaid wages under the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* ("DCWPCL"), as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia who primarily performed work for Defendants in the District of Columbia.

2. QueueDr is a corporate entity formed under the laws of the Commonwealth of Virginia and is headquartered in the Commonwealth of Virginia. QueueDr performs work and provides services in the District of Columbia.

3. Randolph is President, Founder, and principal owner of QueueDr.

4. At all times during Plaintiff's employment period, Defendants were each Plaintiff's "employer" for purposes of the DCWPCL.

5. Pursuant to D.C. Code § 11-921, this Court has subject matter jurisdiction over this civil action because Plaintiff's DCWPCL claim is based on a violation of the laws of the District of Columbia.

6. Pursuant to D.C. Code § 13-423, this Court has personal jurisdiction over Defendants because Defendants conduct business in the District of Columbia and Plaintiff's work for Defendants was performed in the District of Columbia.

7. Venue is appropriate because the majority of Plaintiff's work for Defendants occurred in the District of Columbia.

## FACTS

8. Effective approximately January 12, 2018, Plaintiff became employed by QueueDr as an Account Executive. Pursuant to his January 12, 2018 Employment Agreement ("the Agreement"), Plaintiff was promised a base salary of $62,500 per year. Additionally, Plaintiff was promised payment of commissions on sales that he made of QueueDr products and services.

9. The commission structure was as follows: commissions were paid to Plaintiff on all sales made by him of QueueDr programs, products, and services. Customers typically entered into "pilot programs" as a period (generally a matter of a few

2

DocuSign Envelope ID: 0AA5A8C4-8499-44EB-A921-E000AC89F979

months at most) in which they could test the value of the QueueDr product or service they were buying. At the conclusion of the pilot programs, the customer became contractually obligated to pay QueueDr for products and services on an annual basis, and commissions became due. Commissions were paid generally in the pay period following billing to or the payment from the customer following the end of the pilot program. There were also commission payments due for "upsells," i.e. sales of additional products and services. Generally, Plaintiff received a commission in the amount of approximately sixteen percent (16%) of the annual contract value sold.

10.   Plaintiff worked diligently and successfully as an Account Executive for Defendants. Nevertheless, he was not paid significant amounts of commissions on his sales and other wages earned by and owed to him. Defendants have failed to pay Plaintiff commissions as follows:

| QueueDr Customer | Commission |
| --- | --- |
| A and P Dermatology | $ 5,768 |
| AltamonteMD | $ 300 |
| St. Elizabeth Family Practice (Privia) | $ 245 |
| Village Medical Center (Privia) | $ 1,568 |
| Phoebe Putney – Remaining Initial Commission | $11,732 |
| Phoebe Putney – Remaining Upsell Commission | $ 1,849 |
| TOTAL | $21,462 |

11.   In addition to the commissions listed above, several other commissions were soon to be, or already are, due to Plaintiff, including Albany Medical Center ($8,000 additional commission for pilot looking to upsell potential), Acclaim Physician Group ($2,000 pilot looking to upsell), A and P Dermatology (was up-selling as Plaintiff was leaving employment with Defendants), St. Elizabeth Family Practice (looking to upsell), and Village Medical Center (looking to upsell). Several of these clients

3

DocuSign Envelope ID: 0AA5A8C4-B499-44EB-A921-E000AC89F979

anticipate growing even more, which would generate more commissions owed to Plaintiff.

## CAUSE OF ACTION

### Violation of District of Columbia Wage Payment and Collection Law

12. Plaintiff realleges and reasserts each and every allegation set forth in paragraphs 1-11 as if each were set forth herein.

13. The District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* ("DCWPCL"), requires timely payment by employers to employees of all wages due and owing or as otherwise required by contract, District of Columbia law, or Federal law.

14. Plaintiff was employed by Defendants as a commissioned salesperson. Plaintiff's employment with Defendants terminated on about November 15, 2019. At that time, as set forth above, Plaintiff was not paid commissions due on a variety of sales made by Plaintiff, and it is likely he is owed more by virtue of upselling to clients to whom Plaintiff sold products and services. At the time of the termination of his employment, Plaintiff was owed unpaid commissions in the amount of $21,462. Commissions are "wages" within the meaning of the DCWPCL.

15. Under the DCWPCL, Defendants were obligated to pay Plaintiff his total accrued unpaid wages by not later than the next day after the termination of his employment. D.C. Code § 32-1303(1). Defendants violated the DCWPCL by failing to pay Plaintiff the wages required by the DCWPCL by not later than the next day following the termination of his employment. At this time, more than thirty (30) business days

4

have passed since the termination of Plaintiff's employment, and the amount of wages due per the DCWPCL has not quadrupled.

16.   As a result of Defendants' unlawful failure and refusal to pay Plaintiff wages as required by the DCWPCL, Plaintiff has suffered a substantial loss of wages.

**WHEREFORE**, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in the amount of $21,462, or such greater amount as is proven at trial, plus liquidated damages in an amount equal to three times (3x) the unpaid wages, interest (both pre- and post-judgment), attorney's fees at the *Salazar* rates required by the DCWPCL, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Philip B. Zipin, Esq. Bar No. 367362
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: pzipin@zagfirm.com

*Counsel for Plaintiff*

5

## VERIFICATION

Pursuant to D.C. Super. R. 9-I(e), I declare under penalty of perjury that (1) I have reviewed this Complaint; (2) regarding the allegations of which I have personal knowledge, I believe them to be true; (3) regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both.

I declare under penalty of perjury that the foregoing is true and correct.

5/13/2020

Date

*Adam Teitelman* (DocuSigned)
26F9A89094D411

Adam Teitelman

6